Rule accordingly.

*Margin notes: ALBANY, Feb. 1827. Brown v. Sax. [\*95]*

---

## BROWN against SAX and KIMBLE.(a)

TROVER for a quantity of saw logs, boards and plank; tried at the Clinton circuit, June 30th, 1825, before DUER, C. Judge.

*Margin note: Where personal property is taken wrongfully, the taker can not, by any*

act of his own, acquire title, unless he destroy the identity of the thing, or annex it to, and make it a part of some other thing which is the principal, or change its nature from personal to real property.

This rule illustrated by several cases.

Thus, where one takes trees and saws them into boards or plank, the owner of the trees may take the boards or plank; or bring trover for them.

And the value of the boards or plank shall, in such case, be the measure of the damages.

(a) This case was decided August term, 1826.

ALBANY,
Feb. 1827.

Brown
v.
Sax.

At the trial, it appeared that certain saw logs had been cut on the plaintiff's land; and drawn to the defendants' saw mill, where they were converted into boards by the defendants.

The judge charged the jury, that if they believed the logs from the plaintiff's lot went into the possession of the defendants, and were sawed by them, being obtained from the lot of the plaintiff, by their own contrivance or procurement, this was a conversion, without proof of an actual tortious taking by the defendants, or a demand and refusal. And that the measure of damages would be the value of the boards at the mill, although changed from logs to boards by the labor of the defendants.

Verdict for the plaintiff, for $309 46 damages.

*B. F. Butler,* for the defendant, now moved for a new trial, on the ground that the judge erred in his charge as to the measure of damages.

[*96]          * He said, the charge arose from the judge's misapplying the rule laid down in *West* v. *Wentworth,* (3 Cowen, 82,) that the value at the time of the trial may be given in trover. The rule applies to those cases only, where the value is increased from some cause independent of the defendant's labor; as the fluctuation of the market. The question in assumpsit has generally arisen as to stocks. But here the labor of the party himself forms the main value. This question has not received a judicial decision, unless *Vickery* v. *Taft,* (1 D. Chipm. Rep. 241,) be considered as deciding it. There the plaintiff drew his logs to the defendant's mill, to be sawed on shares, or for pay. The defendant sold the whole; and in trover by the plaintiff for the whole of the boards, it was held that he should recover the value, deducting the price of sawing.

Trover is a substitute for the old action of detinue, which was founded on a lawful taking. There was certainly nothing in that action which called for these disproportionate damages. Generally, the value of the article at the time of the conversion, with interest, is the measure of damages; and the only exception is the one mentioned in

*West* v. *Wentworth*. Suppose the logs had been converted into chairs, tables, or other furniture, or into an elegant coach, the principle laid down by the judge would give the value of these articles.

*A. Van Vechten,* contra. The defendants move for a new trial, because they are not paid for their labor in drawing out, and sawing the logs. Have we a right to maintain trover for the boards by that name? The contrary is not pretended. And in conceding our right to an action for the boards, as boards, the objection to the measure of damages is conceded away. If the boards are ours, we have a right to recover their value. If the conversion did not change the property of the article, we were entitled to it specifically in its improved state. The defendants cannot set off their labor. The whole was an officious intermeddling with our property, unsolicited by us, and without our consent. The reasoning from the analogy *between trover and detinue cannot help the defendants. The jury may, it is true, allow no more than the value of the article at the time when the cause of action first arises; but there are also cases in which they may give exemplary damages; and this is one. Trover and trespass *de bonis,* &c., are concurrent remedies.

[*97]

*Butler,* in reply. True, trover is a concurrent remedy with trespass; but the party has not brought trespass. He has waived the tort by bringing trover, which supposes a lawful taking. *West* v. *Wentworth* will be found to give the true rule of damages. It is that which will completely indemnify the plaintiff.

*Curia.* Here was, beyond all doubt, a tortious taking of the trees. The consent of the owner is not pretended. The taking of the logs by the defendants was also tortious. The only question is, whether the former was entitled to the boards which the defendants made of them. We think the property was not changed by this act. The rule, in case of a wrongful taking, is that the taker cannot, by any

ALBANY,
Feb. 1827.

Brown
v.
Sax.

act of his own, acquire title, unless he either destroy the identity of the thing : as by changing money into a cup, or grain into malt ; or annexing it to, and making it a part of some other thing, which is the principal ; or changing its nature from personal to real property ; as where it is worked into a dwelling house. Thus, cloth made into a garment, leather into shoes, trees squared into timber, and iron made into bars, may be reclaimed by the original owner, in their new and improved state. Bro. Property, pl. 23 ; F. Moor. Rep. 20, pl. 67. These authorities are translated by Viner, in his Aridgment, (Property (E) pl. 5;) and the doctrine traced up to the Year Books. The same distinctions are laid down by several cases in this court. *Betts* v. *Lee*, 5 John. 3̃38 ; *Curtis* v. *Groat*, 6 id. 168 ; *Babcock* v. *Gill*, 10 id. 287. A part of the original case in Moore, cited by Viner, puts the very point before the court, and gives an opinion upon it thus : " *Et si home prist certain arbres, and puis il fait boards de eux ; uncore le owner poit *eux reprendei ; quia major pars substantiæ remanet.*"[1]

[*98]

SUTHERLAND, J., (*dissenting.*)   The value of the logs was proved to be 187 dollars 56 cents ; of the boards made from them, 309 dollars 46 cents ; making a difference of 121 dollars 90 cents.

Suppose the plaintiff's logs had not only been sawed into boards ; but from boards had been wrought by the defendants into bureaus, tables, book cases, or other articles, in which the labor constituted, by far, the greatest value. The transformation of boards into these articles, would not be a greater change than to convert logs into boards.   Suppose a mass of iron ore, tortiously taken by a manufacturer in its rough state, and, by his skill, refined, and converted into the valuable and costly articles into which that metal

[1] The civil law required the thing to be changed into a different species, and to be incapable of being restored to its ancient form ; as grapes, made into wine ; before the original proprietor could lose his title. Nor even then, did the other party acquire any title by the accession unless the materials had been taken away *in ignorance* of their being the property of another. Vinnius. Inst. lib. 2, tit. 1, § 25.

is capable of being wrought: would the owner of the raw material, in an action of trover, he entitled to recover the value of the manufactured articles by way of damages? If my neighbor takes my wool or flax, can I wait until they are converted into broadcloth or linen; and then, in an action of trover, recover the value of those commodities?

Where the original taking was wilful and tortious, as in the case now before us, this rule of damages would not, perhaps, appear to be oppressive or unjust. But it must be recollected, that the action may be brought against any person, who has in his possession, by any means whatever, the personal property of another, and sells or uses it without the consent of the owner, or refuses to deliver it when demanded. 1 Chit. Pl. 147; Bull. N. P. 32. The conversion is the gist of the action; and the manner in which the goods came to the hands of the defendants, is only inducement; and cannot be traversed. If a gentleman delivers a piece of broad-cloth to a tailor, to be made into a suit of clothes; and the tailor, instead of re-delivering them, when made, sells them to a third person, no doubt trover would lie against the vendee. But would the plaintiff be entitled to recover the value of the clothes, or of the cloth only? Suppose the tailor had made them to fit himself, and had used them accordingly.

*It has been held, that if jewels, sealed up in a bag, be lodged with a banker for safe custody; and he break open the bag, and sell or pawn them, the owner may bring trover against the vendee or pawnee. Bull N. P. 32. But suppose the vendee, before they were demanded from him, had had them new set, so as to add fifty per cent. to their value, at the time when he purchased them; would that be the measure of damages which the owner would be entitled to recover?

[*99]

The opinion expressed by the judge upon this point, I think, was erroneous.

New trial denied.